IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHERMAN LAVELL HINSON, #138391,
    Petitioner,

vs.                                                      Case No.:  3:07cv258/MCR/EMT

JAMES R. MCDONOUGH,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court upon Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), Respondent's Motion to Dismiss Successive Habeas Petition for Lack of Jurisdiction (Doc. 18), and Petitioner's Reply to Respondent's Motion to Dismiss Successive Habeas Petition for Lack of Jurisdiction (Doc. 22).  The filing fee has been paid (Doc. 9).

        Petitioner is a state prisoner incarcerated at Okeechobee Correctional Institution.  Petitioner was convicted, by jury, in the Circuit Court in and for Okaloosa County, Florida, of possession of a firearm by a convicted felon, carrying a concealed firearm, and possession of a firearm with an altered serial number  (Doc. 1 at 1).  Petitioner was sentenced to thirty (30) years in state prison as a habitual felony offender (*id*.).  Petitioner did not appeal the conviction and sentence to the Florida First District Court of Appeal ("First DCA") because he states that trial counsel failed to file a timely notice of appeal (*id*. at 4).  Petitioner further states that a direct appeal was never filed in this case (*id*.).  Petitioner requests that this court grant him a "belated appeal" (*id*. at 6).

        This court notes that Petitioner has previously filed in this court a petition for writ of habeas corpus challenging his conviction.  *See* Hinson v. Moore, Case No. 3:99cv444/RV (N.D. Fla.) (Doc. 1).  Following a report and recommendation, Petitioner's claims were found to be without merit, and the petition was denied on April 25, 2001 (*see id.*, Docs. 15, 17).

Respondent's Motion to Dismiss Successive Habeas Petition for Lack of Jurisdiction (Doc. 18) alleges that Petitioner's habeas petition should be dismissed because Petitioner has not obtained authorization from the U.S. Eleventh Circuit Court of Appeals for this court to consider the successive petition, and therefore, this court does not have jurisdiction (*id*. at 5–6). Respondent further states, "In the instant habeas petition, Petitioner asserts the identical issue raised under Ground I in the previous petition, to-wit: that he was denied the effective assistance of counsel by trial counsel's failure to pursue a direct appeal of conviction and sentence" (*id*. at 5 n. 1).

Petitioner filed a Reply to Respondent's Motion to Dismiss Successive Habeas Petition for Lack of Jurisdiction (Doc. 22). In opposition to Respondent's motion, Petitioner requests that this court "vacate and set aside the judgment and sentence imposed [in his state court case]" (Doc. 22 at 3). In support, Petitioner cites to Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997) (habeas petition may be filed again as if it were the first filing if the previous petition has been dismissed without prejudice for failure to exhaust state remedies); Slack v. McDaniel, 529 U.S. 473, 486–87 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–644 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); and Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (petition was dismissed as "second or successive" because the issue regarding jail credit had previously been decided on the merits).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). Some types of collateral challenge do not render subsequent habeas petitions "second or successive." *See* McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack,

529 U.S. at 473 (discussed *supra*); Carlson v. Pitcher, 137 F.3d 416, 420 (6th Cir. 1998) (habeas petition filed after previous petition has been dismissed without prejudice to allow petitioner to pursue state remedies is not "second or successive"); McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997) (same); Camarano v. Irvin, 98 F.3d 44, 46–47 (2d Cir. 1996) (same); Reeves, 120 F. 3d at 1136 (discussed *supra*); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Here, Petitioner's previous habeas petition was denied because the court found no merit in his claims (*see* Hinson v. Moore, Case No. 3:99cv444/RV (N.D. Fla.) (Docs. 15, 17)). Additionally, Petitioner previously claimed that trial counsel was ineffective because she failed to file a direct appeal on Petitioner's behalf (Case No. 3:99cv444/RV (Doc. 1 at 4)), the same claim Petitioner has raised in the instant habeas petition (*see* Doc. 1 at 4). Because Petitioner filed the instant petition challenging the same conviction and raising a claim he previously raised, and his prior federal habeas petition was denied on the merits, the instant petition is "second or successive."[1]

Additionally, Petitioner failed to show that he has obtained the requisite permission from the Eleventh Circuit to file the instant petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. For this reason, this case should be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's habeas petition (Doc. 1) be **DISMISSED without prejudice** for lack of jurisdiction.

---

[1] In the instant habeas petition, the court notes that Petitioner specifically denied, under penalty of perjury, that he had ever filed a § 2254 petition regarding the validity of his state court confinement in federal court (Doc. 1 at 3).

Case No.: 3:07cv258/MCR/EMT

At Pensacola, Florida  this 25th day of March 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>, **858 F.2d 698, 701 (11th Cir. 1988).**